IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSHFER NICHOLS                                          PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:09-cv-18-DCB-JMR

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                          DEFENDANT

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge John M. Roper's Report and Recommendation of December 17th, 2010 [docket entry no. 17].  Therein, Judge Roper recommends that Plaintiff's Motion for Judgment on the Pleadings [docket entry no. 12] be denied and Defendant's Motion for an Order Affirming the Commissioner's Decision [docket entry no. 14] be granted.  Having reviewed the relevant Motions, the Report and Recommendation, Plaintiff's objections thereto, and applicable statutory and case law, this Court finds and orders as follows:

Plaintiff, Joshfer Nichols, seeks judicial review of an Administrative Law Judge's ("ALJ") determination, after a hearing, that he was not disabled within the meaning of the Social Security Act.  Plaintiff was 22-years-old when the ALJ denied his application for benefits for suffering from juvenile diabetes. Two of Plaintiff's treating physicians opined that his condition would interfere with his ability to work because he was able to walk only short distances without rest and was able to sit or stand for relatively short periods of time.  The opinions of a treating

physician should be afforded substantial weight, unless there exists good cause not to do so.  Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994).  Good cause includes opinions not supported by laboratory or clinical findings or otherwise not supported by the evidence.  Id.  Even if given full weight, however, a physician's opinion is not controlling on the issue of whether an individual is able to work.  Martinez v. Chater, 64 F.3d 172, 176 (5th Cir. 1995).  The ALJ determined that, despite the opinions of Plaintiff's treating physicians, he could sit, stand, and walk for six hours with occasional climbing and balancing and thus that he retained the ability to perform light work with restrictions.  A Vocational Expert ("VE") also testified at the hearing that a person of Plaintiff's age restricted to light work could perform employment as a cashier, a packager, or a sorter.

In his motion for review, Plaintiff argued two points of error by the ALJ.  First, Plaintiff contended that the ALJ did not adequately weigh the opinions of Plaintiff's two treating physicians; and second, that the ALJ erroneously found the VE's hearing testimony to be consistent with the Dictionary of Occupational Titles ("DOT").  Upon review, the ALJ's determination that a claimant is not disabled will be upheld if the findings of fact upon which it is based are supported by "substantial evidence on the record as a whole" and it was reached through the application of proper legal standards.  42 U.S.C. § 405(g);

Greenspan, 38 F.3d 232 at 236.  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is "more than a scintilla, but less than preponderance."  Richardson, 402 U.S. at 401.

     After an extensive summary of the relevant facts, Judge Roper determined that the ALJ's decision not to give controlling weight to the opinions of Plaintiff's treating physicians was supported by the requisite substantial evidence.  The ALJ found, for example, that the physicians' opinions were not supported by objective evidence in the record and that the Plaintiff's weakness resulted from high blood sugar levels following periods of not taking his medications.   The ALJ further found that the Plaintiff had repeatedly not taken his medication and had failed to obtain an insulin pump, to join a diabetic support group, or to follow the recommended diet.  The ALJ determined that Plaintiff was impaired by his juvenile diabetes but not as limited as his treating physicians had opined because his condition was manageable if properly treated.

     With respect to the testimony of the VE that Plaintiff could work as a cashier, packager, or sorter, Plaintiff alleged the VE failed to provide DOT numbers for the jobs specified and the testimony conflicted with the DOT in that the DOT contained some cashier, packager, and sorter jobs that were classified as more

than the "light work" recommended for Plaintiff.   Judge Roper determined, however, that the VE's testimony was consistent with the DOT because there were cashier, packager, and sorter jobs listing maximum physical demand requirements of the light work level.   Moreover, Judge Roper determined that Plaintiff's counsel did not challenge the VE's testimony at the hearing or raise the alleged conflict before the ALJ and thus had waived the issue.

Plaintiff now objects to Judge Roper's Report and Recommendation.   With respect to the ALJ's decision that Plaintiff was not disabled,  Plaintiff first notes that the Fifth Circuit has held that a disabling condition which might not be disabling with proper treatment remains disabling in law if the individual cannot afford proper treatment and can find no way to afford it.   Taylor v. Brown, 782 F.2d 1294 (1986).   Plaintiff does not seem to have made this argument before Judge Roper but even if he did, he does not point to any evidence to suggest that he was not able to afford proper treatment.   Indeed, the record indicates that he began receiving free medication in 2006 and has not been hospitalized since.   Second, Plaintiff restates the opinions of his treating physicians and "reiterates [the] argument made in previous briefs that there is no medical evidence to support the Administrative Law Judges's unfavorable decision ...." [Docket entry no. 19 at 4.] This Court agrees with Judge Roper that there was substantial evidence to support the ALJ's decision that Plaintiff was not

4

disabled.

     With respect to the VE's testimony, Plaintiff objects to Judge Roper's recommendation by reiterating the existence of a conflict between the testimony and the DOT and arguing that the ALJ had a duty to elicit testimony from the VE regarding the conflict at the hearing.  This Court agrees with Judge Roper, however, that the VE's testimony did not conflict with the DOT.  Accordingly,

     **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [docket entry no. 17] is **ADOPTED**.

     **IT IS FURTHER ORDERED** that Plaintiff's objections [docket entry no. 19] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

     **SO ORDERED**, this the 1st day of February 2011.

                                    s/ David Bramlette
                              **UNITED STATES DISTRICT JUDGE**